UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>OLIVIA TUITAHI,<br><br>    Defendant. | Case No. 15-cv-01378-JSC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; REFERRAL FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO REMAND**<br><br>Re: Dkt. No. 2 |

Defendant Olivia Tuitahi, proceeding pro se and *in forma pauperis*, removed this unlawful detainer action to federal court. Tuitahi invokes federal subject matter jurisdiction and diversity jurisdiction under 28 U.S.C. § 1331 and asserts that removal is proper under 28 U.S.C. §§ 1441 and 1446. (Dkt. No. 1 ¶ 6.) As neither party has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), the Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Judge.

Finding that federal jurisdiction is lacking as the single claim in the complaint arises exclusively out of state law and the amount in controversy is less than $10,000, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court RECOMMENDS that the District Court REMAND this action to state court.

## BACKGROUND

Plaintiff Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as true of ARLP Trust 3 ("Plaintiff") initiated this residential unlawful detainer action in Napa County Superior Court on January 12, 2015. (Dkt. No. 1 at 7.) The complaint alleges that Plaintiff purchased the subject property located at 1716 Tallac Street, Napa

1 CA 94558-2828, at a foreclosure sale on December 1, 2014. (*Id.* ¶¶ 2-3.) Plaintiff further alleges that Defendant Olivia Tuitahi and a number of Doe defendants have since failed to surrender possession of the property despite being served with a 3-day Notice to Quit on January 7, 2015. (*Id.* ¶ 6.) Plaintiff seeks possession of the property and holdover damages at a rate of $60.00 per day. (*Id.* ¶¶ 8-9.)

Tuitahi removed the case to federal court on March 25, 2015. (Dkt. No. 1.) Tuitahi alleges that removal is proper because this case presents a federal question jurisdiction, and she also cites the statutory section pertaining to diversity jurisdiction. (*Id.* ¶ 6.)

## DISCUSSION

### A.  IFP Application

Tuitahi moves to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (Dkt. No. 2.) The Court finds that Tuitahi has shown good cause that she is unable to pay the filing fee associated with removing a complaint. Accordingly, the Court GRANTS Tuitahi's request to proceed IFP.

### B.  Subject Matter Jurisdiction

Having granted Defendant's request to proceed IFP, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an *in forma pauperis* complaint that lacks subject matter jurisdiction. *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987). Even aside from Section 1915 review, the Court has an independent duty to ascertain its jurisdiction and may remand a case sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving that subject matter jurisdiction is proper. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006). For the reasons explained below, Young has failed to establish federal subject matter jurisdiction in this case.

Defendant alleges that removal is proper under the federal question statute, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1441, 1446. (Dkt. No. 1 ¶¶ 5-6, 10.) Defendant's removal of Plaintiff's unlawful detainer action to federal court lacks merit because the court does not have subject matter or diversity jurisdiction over the claims. It is well settled that federal courts do not have federal

question jurisdiction over unlawful detainer actions, where federal law does not create the cause of action and the plaintiff's right to relief as to its claims does not depend on a resolution of a question of federal law. *JP Morgan Chase Bank, N.A. v. Chavez*, No. C 11-5129 PSG, 2011 WL 6760349, at *1 (N.D. Cal. Dec. 5, 2011) (citations omitted), *report & recommendation adopted by* 2011 WL 6749057 (N.D. Cal. Dec. 23, 2011); *see also, e.g.*, *Eden Housing Mgmt. v. Muhammad*, No. C 07-4325 SBA, 2007 WL 4219397, at *2-3 (N.D. Cal. Nov. 28, 2007) (no federal question jurisdiction on the face of an unlawful detainer complaint); *Citibank N.A. v. Ortiz*, No. 08-cv-1301 LAB, 2008 WL 4771932, at *1 (S.D. Cal. Oct. 28, 2008) (same).

Although Defendant alleges in her removal papers that her demurrer to the unlawful detainer at issue relates to "determination of Defendants' rights and Plaintiff's duties under federal law" (*see* Dkt. No. 1 ¶ 10), "removability cannot be created by defendant pleading a counter-claim presenting a federal question." *Eden Housing Mgmt.*, 2007 WL 4219397, at *2 (quoting *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2s 815, 822 (9th Cir. 1985)); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("Neither allegations or affirmative defenses in an Answer nor in the petition for removal can create federal jurisdiction."); *see, e.g.*, *Chavez*, 2011 WL 6760349, at *1 (remanding unlawful detainer action where defendant sought to establish federal question jurisdiction through federal statutory counterclaim); *Fed. Home Loan Mortg. Corp. v. Pinzon*, No. 12-cv-03450 NC, 2012 WL 3527232, at *2 (N.D. Cal. July 12, 2012), *report & recommendation adopted by* 2012 WL 3536761 (N.D. Cal. Aug. 15, 2012). In other words, because the complaint on its face presents no federal question, and a defendant cannot bootstrap federal jurisdiction by pleading a defense or counterclaim, the instant unlawful detainer action must be remanded for determination by the state court.

To the extent that Defendant Tuitahi asserts removal based on diversity jurisdiction, the Court further finds that there is no diversity jurisdiction based on Plaintiff's unlawful detainer action, which was filed in the superior court as a "limited" civil case amounting to less than $10,000 in controversy. (*See* Dkt. No. 1 at 11 (superior court complaint for unlawful detainer pursuant to Cal. Code of Civil Procedure § 1161a).) For the reasons already discussed, any damages related to Defendant's purported civil rights counterclaim is not part of the amount-in-

1  controversy calculation.  *See Chavez*, 2011 WL 6760349, at *1.  In addition, only non-resident
2  defendants can effect removal based on diversity jurisdiction.  *See* 28 U.S.C. § 1441(b); *Spencer v.*
3  *U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.*), 393 F.3d 86, 870 (9th Cir. 2004).  Once any
4  "local defendant (a citizen of the forum state) has been served, the action cannot be removed by
5  that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp.
6  628, 629 (N.D. Cal. 1991).  Here, the complaint alleges that Defendant resides at the subject
7  property, located in Napa, California, and is therefore a citizen of California.  (Dkt. No. 1 at 8 ¶ 5.)
8  As Tuitahi is a "local" defendant, removal is improper on this basis as well.

## CONCLUSION

The Court GRANTS Tuitahi's IFP application.  However, as the Court lacks subject matter jurisdiction over this action, the Court recommends that this action be REMANDED to the Napa County Superior Court.  Any party may object to this recommendation within fourteen days of the filing date of this order.  See Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED.**

Dated:  April 1, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4